**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOEL ACKERMAN, | : |
| Plaintiff, | : No. 22cv200 (EP) (CLW) |
| v. | : MEMORANDUM AND ORDER |
| ECONOMY RENT-A-CAR, INC., et al., | : |
| Defendants. | : |

**Padin, District Judge.**

Pro se Plaintiff Yoel Ackerman has sued Defendants Economy Rent-A-Car ("Economy"), Priceline.com ("Priceline") and Booking Holdings Inc. ("Booking") for misrepresenting that they accept debit cards for car rentals.[1] DE 1 ("Complaint"). This misrepresentation, according to Plaintiff, rendered him unable to utilize his pre-paid rental car for his vacation. Plaintiff reserved the car specifically because a medical condition required frequent bathroom stops. Defendants' misrepresentations therefore denied him a relaxing vacation and exacerbated his condition.

The prior judge assigned to this matter granted Plaintiff *in forma pauperis* ("IFP") status. DE 3. Accordingly, the United States Marshals Service ("USMS") served the Complaint upon Defendants. Economy requested, and received, an extension of time to answer to July 29, 2022. DE 10.

---

[1] For this Order's purposes, I accept the Complaint's allegations as true.

As to Booking, the USMS served the Complaint upon Booking on June 15, 2022. DE 14 at 2. On July 15, 2022, Priceline and Booking requested an extension of their time to answer or otherwise move to July 29, 2022. DE 10. The Clerk of Court denied the request because it did not include the date of service. *Id.*

On July 18, 2022, Priceline and Booking made a second request, this time to extend the deadline to August 17, 2022. DE 11. They said only that "it is not clear that Defendants have been properly served." *Id.* Judge Waldor granted the extension. DE 12.

On the same day, Plaintiff emailed an application for default against Booking. DE 13 at 1. Due to pro se filing procedures which ensure proper docketing, there can sometimes be a delay—here, a day—between an email to the Clerk's office and a document's docketing. *Id.* Based on this delay, and Plaintiff's assertion that Priceline and Booking's extension request was untimely, Plaintiff challenges Judge Waldor's ruling and seeks a default judgment against Booking. DE 13, 14.

Both are denied. Plaintiff is correct that answers must generally be served within 21 days, and therefore that service was due on July 6, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). However, even if Plaintiff's motion for default had been filed and considered first, I doubt that it would have been granted, especially in light of Booking's contemporaneous extension request.

This is because default judgments are generally disfavored in the Third Circuit, as they prevent claims from being considered on the merits. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). Fed. R. Civ. P. 55(b)(2) requires "'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of

2

discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).'" *Muhammad v. Mack*, 2019 WL 1331633, at *2 (D.N.J. Mar. 25, 2019) (quoting *Franklin v. National Maritime Union of America*, 1991 WL 131182, *1 (D.N.J. 1991)).

Indeed, even if default *had* been granted, default may be excused after a court considers: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Id.* Though the defense is unclear at this point, a delay of just a few days to obtain a first extension—including, according to Booking counsel, attempted communication with Plaintiff to obtain consent—suggests neither culpable conduct nor prejudice to Plaintiff.

IT IS, therefore, on this **26th** day of **July**, 2022;

**ORDERED** that Plaintiff's applications for reconsideration and/or default (DE 13, 14) are **DENIED**; and it is further

**ORDERED** that discovery shall proceed.

_____
At Newark, New Jersey                                      EVELYN PADIN, U.S.D.J.

3